STATE v. THOMAS ANDERSON.

(Decided October 10, 1898.)

*Stock Law.*

The Act of 1885, Chapter 106, known as "The Stock Law" makes it unlawful for any one to permit his live stock to run at large in the County of Edgecombe. The Act of 1897, Chapter 301, amends said Act of 1885 by adding after the word "Edgecombe" the words "between March the first and December the 31st." "The Stock Law" relieved every planter from keeping a lawful fence around his farm as required by *The Code,* Section 2799. The amendment did not repeal the Act of 1885; and put *The Code,* Sec. 2799, in operation.

INDICTMENT instituted in the Criminal Circuit Court of EDGECOMBE County against the defendant for failing to have a lawful fence around his farm on the 20th January, 1898.

The jury rendered a special verdict finding the facts, and upon their finding the court directed a verdict of guilty to be entered, and fined the defendant one penny and costs.

The defendant appealed to the Superior Court. The appeal coming to be heard in the Superior Court of EDGECOMBE County, *Brown, J.,* the judgment of the Circuit Court was reversed, and the defendant discharged. The State appealed to the Supreme Court.

The indictment, special verdict, &c., are appended.

### INDICTMENT.

The jurors for the State, etc. . . . present, that Thomas Anderson, etc., on the 20th day of January, 1898, with force and arms, etc. . . . unlawfully did take up and impound a certain hog, running at large, the property of one J. M. Pittman, the said hog being allowed to run at large in the County aforesaid, between December 31st and March 1st of each year, against form of the statute, etc.

And the jurors aforesaid, etc., do further present, that the said Anderson . . . . on the day and year aforesaid, with force and arms, etc., did unlawfully and wilfully fail, omit and neglect to have and make a sufficient fence about the cleared ground of him the said Thomas Anderson under cultivation, at least five feet high, there being no navigable stream and no deep watercourse instead of such fence, and there being at the time aforesaid no stock law in force within the limits of said County of Edgecombe within which said land is situated against the form of the statute, etc.

. . . . . And thereupon the following jurors (naming them) being chosen etc. . . . upon their oath say that the defendant owned and was in the possession of a farm situated in said County of Edgecombe, whereon he cultivated and grew various crops during the year 1897; that he had winter crops growing thereon at the time of the commission of the misdemeanor wherewith he is charged. That said farm is situated within the stock law territory of said County, and has been so situated since March, 1885. That during the month of January, 1898, one J. M. Pittman owned a certain hog which he permitted to run at large within said territory; that said hog came upon the farm of the

defendant, and did damage in the cultivated fields of the defendant, and that while said hog was so at large upon the farm of the defendant, doing damage, the said defendant took up said hog and impounded same during the month of January, as aforesaid. That while said hog was impounded the defendant fed same. That the defendant refused to surrender the hog to Pittman, the owner, until defendant had been paid for the damage done by said hog, and the food furnished to it by the defendant. That there is no fence of any kind enclosing the farm of said defendant and his cultivated fields nor has there been any enclosure since 1885. That defendant does not permit his stock to run at large. That defendant impounded said hog because he thought he had a right so to do. But whether the defendant be guilty of the misdemeanor as charged in said indictment against him, the jurors are altogether ignorant and pray the advice of the court thereupon. And if upon the whole matter, etc., it shall appear to the court that he is guilty in law . . . . then they find him guilty. If upon the whole matter, it shall appear to the court that he is not guilty, etc. . . . . . then the jurors find . . . . . . that the defendant is not guilty.

Upon considering the foregoing the court is of opinion that the defendant is guilty, and directs that a verdict of guilty be entered, and that defendant be fined one penny and costs. The defendant appealed to the Superior Court.

### JUDGMENT.

This cause coming on to be heard upon appeal from the judgment of the Circuit Court, the court is of opin-

ion that· the Act of 1885, Chapter 106, by implication repealed Section 2799, *The Code,* relating to fences,̈ as to Edgecombe County.   That the Amendment of March 8th, 1897, Chapter 301, does not have the effect to re-enact that section.   That Edgecombe County being in Stock Law territory generally by virtue of Act 1885, Ch. 106, the said Section of *The Code* does not apply to it.   That no indictable offence is stated in the bill, being an offence when committed in said County.   That upon the special verdict the defendant is not guilty. Judgment of Circuit Court reversed.   Let the proceedings be quashed and defendant go without day, etc.

(Signed)        BROWN;
*Judge.*

· From the foregoing the State appealed to the Supreme Court.

*Mr. A. B. Andrews, Jr.,* with *Mr. Zeb. V. Walser, Attorney General,* for the State, (appellant).
*Mr. John L. Bridgers,* for the defendant.

FAIRCLOTH, C. J.:   The Act of 1885, Ch. 106, makes it a misdemeanor· for any person to permit his or her live stock to run at large in the County of Edgecombe, and the Act ·of 1897, Ch. 301, amends the said Act of 1885 by adding after the word "Edgecombe" the words "between March the first and December the 31st."   The first Act, called the "Stock" law act,· relieved every planter from keeping a lawful fence around his farm, as required by *The Code,* Sec. 2799.   The defendant is indicted for failing to have such fence around his farm on the 20th of January, 1898.   The case hinges upon the effect of the amending Act of 1897, Ch. 301.

The contention of the State is that the amendment re-

pealed the Act of 1885 and put *The Code*, Sec. 2799, in operation, on the principle that the repeal of the Statute, repealing a former statute, leaves the latter in force. We cannot adopt that view in this case. The amending act does not profess, or in effect repeal the first statute. We think the amendment must be taken as if it had been inserted in the original act, uncovering or excepting the period from December 31 to March the first. In England the Common Law did not permit stock to run at large. In this country the conditions were so different, owing to the vast forests and the small number of acres under cultivation, that the rule was practically changed and by common consent the custom obtained of allowing stock to run at large. It was rather the necessity of the situation than a rule of law, and this custom still continues, when not changed by statute. Our Court has frequently recognized this custom in the various instances in which the question arose in different forms. *Laws* v. *Railroad*, 52 N. C., 478 ; *Morrison* v. *Cornelius*, 63 N. C., 351 ; *Burgwyn* v. *Whitfield*, 81 N. C., 263.

Our conclusion therefore is that the judgment of the Superior Court upon the special verdict was not erroneous.

Affirmed.